## WILLIAMS v. HAMLIN et al.

(Supreme Court, Appellate Term. February 18, 1910.)

EVIDENCE (§ 271*)—SELF-SERVING DECLARATIONS—ADMISSIBILITY.

The alleged assignor of a claim sued on by the assignee may not introduce in evidence letters addressed by him to the debtor, stating that he had not assigned the claim.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 271.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles D. Williams against Theodore W. Hamlin and another. From a judgment for defendants, rendered on a verdict of the jury, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Henry Hoelljes, for appellant.

Samuel Rosenberg, for respondents.

BIJUR, J. This action was brought upon an alleged assignment by one Meyers of an indebtedness of $168.80 in his favor, due from defendants. Defendants claim to have paid Meyers, who turned the money over to his receiver in bankruptcy, subsequently appointed.

The evidence as to the making of the assignment was conflicting. Meyers, as witness for defendants, gave some evidence in denial of the assignment, and was permitted, over the objection of plaintiff's

counsel, to introduce in evidence two letters, addressed by him to defendants, stating that he had not assigned the claim to plaintiff. It is unnecessary to cite authorities in support of the rule that such self-serving declarations are not competent. Other evidence of a similar character and equally inadmissible was allowed to be introduced over appropriate objection. It is plain that this testimony must have affected the minds of the jury adversely to plaintiff's claims.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.